___FILED ___ENTERED
___LODGED ___RECEIVED

FEB - 7 2011

AT BALTIMORE
CLERK U.S. DISTRICT COURT
DISTRICT OF MARYLAND
BY ___ DEPUTY

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| CALVIN DARNELL PARNELL | * |
| v. | * Civil No. RDB-09-934 |
| UNITED STATES OF AMERICA | * |

* * * * * * * * * * * * * * * * * * * * * * * *

| | |
|---|---|
| UNITED STATES OF AMERICA | * |
| v. | * Crim. No. RDB-06-0258 |
| CALVIN DARNELL PARNELL | * |

## MEMORANDUM OPINION

On April 14, 2009, Calvin D. Parnell, a federal prison inmate, filed a Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255. This Court imposed a 188-month sentence on February 1, 2007. Parnell challenges this Court's sentence or, in the alternative, requests an evidentiary hearing on the issues raised in this motion. The parties' submissions have been reviewed and no hearing is necessary. *See* Local Rule 105.6 (D. Md. 2010). For the reasons set forth below, Parnell's motion (Paper No. 38) is DENIED.

## BACKGROUND

On December 21, 2005, two Baltimore City Police Officers – Detectives Fabian Laronde and Kelly Vay – arrested the petitioner, Calvin D. Parnell ("Parnell"), after they discovered a firearm in his waistband during a protective frisk. On June 6, 2006, a grand jury in the District of Maryland returned a one-count indictment charging Parnell with being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g).

On July 13, 2006, Parnell filed a motion to suppress evidence arising from his arrest. On

1

August 21, 2006, this Court held a hearing regarding the suppression motion. During the hearing, Detectives Laronde and Vay testified about the arrest and Parnell and two other witnesses testified to challenge the detectives' version of events. This Court questioned Detective Laronde about his disciplinary history with the Baltimore City Police Department, specifically asking if any suspect had ever accused him of perjury, planting evidence, or using excessive force. Detective Laronde testified that no suspect had ever accused him of perjury, but that he had been accused of planting evidence and had pending complaints regarding excessive force. J.A. 199-01. Though he did not testify at the suppression hearing, this Court also considered the grand jury testimony of Parnell's brother, Deonte Parnell ("Deonte"). This Court specifically found that Deonte's grand jury testimony was consistent with both detectives' version of events, and ultimately concluded that the detectives' testimony was credible and that Parnell's version of events was not credible. J.A. 243. The Court denied the suppression motion.

On the same day, Parnell entered into a plea agreement with the Government. Under the terms of the plea agreement, Parnell waived his right to an appeal and plead guilty. The Government, in return, agreed to not oppose a two-level reduction in Parnell's adjusted offense level and would recommend a sentence at the low end of the advisory range. J.A. 63-66. During the plea colloquy, conducted pursuant to Rule 11 of the Federal Rules of Criminal Procedure, Parnell communicated that he was fully satisfied with his lawyer's performance and that he did everything asked of him. J.A. 254-55. This Court accepted the guilty plea.

On January 19, 2007, prior to his sentencing, Parnell submitted a motion requesting that this Court subpoena both detectives' personnel records. Instead of releasing the records to Parnell's lawyer, this Court reviewed the records *in camera*. On February 1, 2007, during the

sentencing hearing, this Court shared the results and findings of its review of the personnel records with the Government, Parnell, and Parnell's lawyer. As to Detective Laronde's personnel file, this Court found that the information in the file (1) was not inconsistent with Detective Laronde's testimony during the suppression hearing, (2) did constitute evidence that could have been used to impeach Detective Laronde, but (3) would not have changed this Court's holding as to the suppression motion. J.A. 291-92. As to Detective Vay's personnel file, this Court found that while the file did contain some evidence that could have been used to impeach Detective Vay, the information did not alter this Court's judgment as to Detective Vay's testimonial credibility or the suppression hearing. J.A. 292-93. This Court then provided Parnell with an opportunity to move to withdraw his guilty plea after it addressed the personnel files. Parnell chose not to withdraw the guilty plea and proceeded to sentencing. J.A. 300. This Court asked Parnell if he was "satisfied" with the exploration of the personnel files, and Parnell agreed that he was satisfied. J.A. 305-06. This Court then sentenced Parnell to a 188-month term of imprisonment, noting that Parnell is classified as an armed career criminal.

On February 9, 2007, Parnell gave notice of his appeal to the U.S. Court of Appeals for the Fourth Circuit. In his appeal, Parnell claimed that the failure of the Government to turn over the personnel records constituted a violation of his rights pursuant to *Giglio v. United States*, 405 U.S. 150 (1972), which established the requirement that the Government turn over information to the defendant if it could be used to impeach a Government witness. *Id.* at 153-54. Parnell argued that the *Giglio* violation rendered his plea involuntary. Parnell separately claimed that ineffective assistance of counsel also rendered his plea involuntary. *United States v. Parnell*, 2008 U.S. App. LEXIS 903, at *2 (4th Cir. Jan. 15, 2008). The Fourth Circuit rejected both arguments, holding that the *Giglio* violation did not render his plea involuntary, and that he

would have to reassert his ineffective assistance claim in a motion for post-conviction relief. *Id.* at *2-3. On April 14, 2009, Parnell then filed this motion, reasserting both the *Giglio* and ineffective assistance of counsel claims.

## ANALYSIS

Parnell claims that his decision to plead guilty is invalid because it was not "a voluntary and intelligent choice." *Hill v. Lockhart*, 474 U.S. 52, 56 (1985). Parnell alleges that the reason why his decision was involuntary and/or unintelligent is because he received ineffective assistance of counsel in violation of his Sixth Amendment rights. Specifically, Parnell argues that his lawyer's inadequate representation corrupted his decision-making process, causing him to accept a plea agreement instead of going to trial. *Id.* Parnell separately alleges that the Government engaged in misconduct by withholding evidence that his lawyer could have used to impeach adverse witnesses, violating *Giglio v. United States*, 405 U.S. 150 (1972). Parnell argues that the Government's misconduct played a role in causing him to accept a guilty plea instead of going to trial. Parnell asks that this Court vacate his sentence or, in the alternative, grant an evidentiary hearing.[1]

I.   Ineffective Assistance of Counsel

Parnell fails to show that his decision to plead guilty was not "a voluntary and intelligent

---

[1] In a few parts of his motion, Parnell also claims that the detectives who arrested him never informed him of his right to remain silent, violating his rights under *Miranda v. Arizona*, 384 U.S. 436, 444-45 (1966). Under *United States v. Frady*, a defendant may not collaterally attack his sentence by raising an issue that he did not raise on direct appeal unless he can satisfy the "cause" and "prejudice" requirements. 456 U.S. 152, 165 (1982). The standard "requires the petitioner to show that 'some objective factor external to the defense impeded counsel's efforts' to raise the claim" in the pre-habeas proceeding. *McCleskey v. Zant*, 499 U.S. 467, 493 (1991) (quoting *Murray v. Carrier*, 477 U.S. 478, 488 (1986)). Parnell has not identified any external factor that prevented him or his lawyer from raising the *Miranda* objection before his guilty plea. Thus, his claim is procedurally defaulted.

choice among the alternative courses of action." *Hill*, 474 U.S. at 54 (internal citations omitted). The Supreme Court applies a two-pronged test when assessing whether a petitioner's decision to plead guilty is involuntary or unintelligent due to ineffective assistance of counsel. First, the "performance" prong requires that defense counsel's representation fall below "an objective standard of reasonableness." *Id.* at 57 (quoting *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984)). Second, the "prejudice" prong requires that petitioner establish "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* (quoting *Strickland*, 466 U.S. at 694). In the context of a guilty plea, the prejudice prong requires that Parnell "show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and insisted on going to trial." *Hooper v. Garraghty*, 845 F.2d 471, 475 (4th Cir. 1988).

### A. Failure to Obtain the Officers' Personnel Records Before the Suppression Hearing or Guilty Plea

Parnell claims that his lawyer's failure to obtain the detectives' personnel records before the suppression hearing or guilty plea constitutes ineffective assistance of counsel. Parnell fails to satisfy the prejudice requirement of the two-part *Strickland* analysis. First, this Court adequately explored the detectives' history and credibility at multiple points during Parnell's criminal proceeding. At the suppression hearing, this Court questioned Detective Laronde about his disciplinary history, specifically asking about claims regarding planting evidence and committing perjury. J.A. 199-200. At the sentencing hearing, this Court then reviewed Detective Laronde's personnel file and concluded that "there's very little [this Court] gain[s] from reviewing this file that was not already covered at the time of the suppression hearing." J.A. 291. The Court also reviewed Detective Vay's personnel file at the sentencing hearing. J.A.

5

292-93. The Court found that while the Government did violate the *Giglio* principle by not disclosing the personnel file, the violation did not affect this Court's judgment as to the motion to suppress or Detective Vay's testimonial credibility. J.A. 293. It would have made no difference to this Court's findings if Parnell's lawyer had somehow obtained the personnel records prior to the suppression hearing.

Second, this Court offered Parnell the opportunity to withdraw his guilty plea after sharing the results of its inquiry into the personnel records. Parnell consulted with his lawyer and decided not to move to withdraw his guilty plea. J.A. 299-300. He was aware of the personnel records and knew that having them earlier would have made no difference to this Court's findings on the suppression motion or the detectives' credibility. Thus, having the personnel records before the suppression hearings would not have added any additional reason for Parnell to want to go to trial.

Third, at the sentencing hearing, Parnell specifically said that he was satisfied with this Court's inquiry into the detectives' personnel files. J.A. 305-06. Parnell now claims that he would have not pleaded guilty if he had access to the personnel records. Under *Fields v. Attorney General of Maryland*, Parnell's statements under oath about his satisfaction with his lawyer are binding on him unless there is "clear and convincing evidence to the contrary." 956 F.2d 1290, 1299 (4th Cir. 1992). Here, this Court discussed the personnel files with Parnell, asked him if he was satisfied with the Court's investigation, and gave him a timely opportunity to withdraw his plea. Without any additional evidence, Parnell's statements after the fact do not constitute the type of clear and convincing evidence required to refute his binding statements about his lawyer's performance.

B. <u>Failure to Conduct an Independent Investigation or Call Specific Witnesses</u>

Parnell claims that his lawyer's failure to conduct a comprehensive and independent investigation for his defense constitutes ineffective assistance of counsel. Specifically, Parnell points to his lawyer's failure to interview Parnell's brother, Deonte Parnell, as evidence of his lawyer's ineffective assistance. Parnell claims that his brother's testimony would have clearly contradicted the detectives' version of events. Parnell does not fulfill the "performance" prong of the *Strickland* analysis because he cannot establish that his lawyer's representation falls below an "objective standard of reasonableness."

First, Parnell's ineffective assistance claim contradicts his explicit statements during his plea colloquy regarding his satisfaction with his lawyer. J.A. 254-55. His representations are binding absent clear and convincing evidence to the contrary. *Fields*, 956 F.2d at 1299. Specifically, Parnell said that his lawyer "argued good points on my behalf" and "questioned my witnesses with good questions." J.A. 244-45. Parnell also told this Court that there was nothing his lawyer did not do that Parnell requested of him. J.A. 245. "[S]uch in-court representations from the defendant are treated as conclusive with regard to the validity of the plea and may not be controverted later absent some compelling reason . . . ." *Savino v. Murray*, 82 F.3d 593, 603 (1996). Parnell has not identified a compelling reason for ignoring his in-court statements regarding satisfaction with his lawyer.

Second, contrary to Parnell's assertions regarding the helpfulness of Deonte's testimony, this Court found that Deonte's grand jury testimony actually supported the detectives' story and ultimately helped discredit Parnell's version of events. J.A. 243. Third, there is no identifiable reason why Parnell could not have raised these issues during his plea colloquy. Parnell had multiple opportunities to complain about his lawyer's performance. Without some reason

explaining why Parnell chose not to complain about his lawyer's performance, Parnell's statements to the Court regarding his satisfaction with his lawyer are binding.

### C. Failure to Provide Accurate Advice to Petitioner Regarding Sentencing

Parnell claims that his lawyer's advice that he faced a 30-year sentence was "untrue," and further claims that he would never have accepted the guilty plea if he had accurate advice on his potential sentence. Contrary to Parnell's assertion that his sentencing range would have been between 235-293 months, this Court specifically said during his sentencing hearing that life imprisonment was a possibility because of Parnell's status as an armed career criminal. J.A. 299. Parnell's plea agreement also states that life imprisonment was a possibility because of his status as an armed career criminal. J.A. 64. Parnell's lawyer did not provide untrue advice and therefore his representation did not fall below an "objective standard of reasonableness."

## II. Prosecutorial Misconduct

Parnell also claims that his decision to plead guilty was not "a voluntary and intelligent choice" because prosecutorial misconduct corrupted his decision-making process. *Hill v. Lockhart*, 474 U.S. 52, 56 (1985). First, Parnell argues that the Government failed to disclose information his lawyer could have used to impeach the detectives. *Giglio v. United States*, 405 U.S. 150 (1972) (holding that information that could be used to impeach prosecutorial witnesses must be turned over to the defense). Second, Parnell argues that the Government offered perjured testimony to secure his plea. *See United States v. Roane*, 378 F.3d 382 (4th Cir. 2004) (holding that it is a due process violation for the Government to knowingly introduce false testimony).

### A. *Giglio*

Parnell argues that the Government's failure to disclose the detectives' records violates

8

the *Giglio* principle, undermining the validity of his guilty plea. Parnell, however, is barred from raising this claim because he raised it on direct appeal to the U.S. Court of Appeals for the Fourth Circuit. *See United States v. Parnell*, 2008 U.S. App. LEXIS 903, at *3 (4th Cir. 2008) ("We conclude that Parnell's mere assertion that he would have insisted on going to trial had the Government disclosed the alleged *Giglio* material is insufficient to render his plea involuntary."). A defendant-petitioner challenging his conviction under 28 U.S.C. § 2255 may not "recast, under the guise of collateral attack, questions fully considered" on appeal. *Boeckenhaupt v. United States*, 537 F.2d 1182, 1183 (4th Cir. 1976). Accordingly, Parnell's *Giglio* argument must fail.

B. Perjured Testimony

Parnell's second argument is that the Government introduced perjured testimony. To successfully assert a claim that the prosecution knowingly introduced perjured testimony, Parnell must establish that (1) the testimony was false, (2) the Government knew the testimony was false, and (3) there is a "reasonable probability" that the false testimony could have affected the outcome of the proceeding. *United States v. Roane*, 378 F.3d 382, 400 (4th Cir. 2004).

Parnell's argument fails on the first prong because there is no evidence that establishes that the detectives' testimony was false. The Court questioned Detective Laronde at the suppression hearing and reviewed both detectives' personnel files at the sentencing hearing. Satisfied with the inquiry, this Court specifically found that "[t]he defendant . . . proffered absolutely no basis of any kind to suggest any bias on the part of these police officers nor any reason . . . to support any allegation that these officers have . . . committed perjury." J.A. 242-43.

In response, Parnell argues that the Court would have found differently if he had effective counsel. This argument has no merit. As discussed above, the Court had access to the personnel

records, shared the information with Parnell, asked Parnell if he was satisfied with his lawyer's representation, and offered Parnell the opportunity to withdraw his guilty plea. During his plea colloquy, Parnell even identified his lawyer's questioning of witnesses as a reason why he was satisfied with his representation. At best, there are only Parnell's speculative conclusions about falsehood and credibility, and speculative conclusions are not enough to establish that the Government introduced perjured testimony. An analysis of the last two elements of the *Roane* test is not necessary.

Parnell's Motion to Vacate, Set Aside or Correct Sentence is DENIED. A separate Order follows.

February 7, 2011

_____
Richard D. Bennett
United States District Judge